UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Case No. 3:14-CR-77 RLM |
| | ) |
| JEFFERY PAUL MILLER | ) |

OPINION AND ORDER

Defendant, Jeffery Miller, was sentenced in November to an aggregate term of 135 months after pleading guilty to an information charging him with interstate transportation of stolen goods and money laundering. Despite the waivers and admissions in the plea agreement, Mr. Miller filed a motion to vacate his sentence [Doc. No. 38], which the court construes as a petition for habeas relief under 28 U.S.C. § 2255, and a notice of appeal [Doc. No. 39].

Although Mr. Miller isn't barred from filing a motion to vacate his sentence while a direct appeal is pending, *see* DeRango v. United States, 864 F.2d 520, 522 (7th Cir.1988), the court can't consider such a motion "absent extraordinary circumstances." United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999); United States v. Robinson, 8 F.3d 398, 405 (7th Cir.1993) (collecting cases). The reason is simple – disposition of the appeal may render the § 2255 motion moot. Id. "Whether extraordinary circumstances exist . . . depends upon the need for speedy relief against the need for conservation of judicial resources." United States v. Davis, 604 F.2d 474, 485 (7th Cir. 1979).

Mr. Miller hasn't identified a need for expediency in this case. He claims, among other things, that retained counsel was negligent and ineffective because

he didn't move to withdraw the plea agreement and didn't "bring up important facts, circumstances and client requests at sentencing"; that he was under the influence of drugs at the time of his plea; that the Assistant United States Attorney misrepresented the terms and conditions of the plea agreement; and that the probation officer who prepared his presentence investigation report had a conflict of interest. But Mr. Miller's allegations are vague and conclusory, unsupported, and inconsistent with his testimony at the change of plea hearing and sentencing and the express waiver of his right to appeal and to file a petition for post-conviction relief.

Had Mr. Miller not filed a notice of appeal, the court would have given him a chance to withdraw his motion to vacate or to submit any supporting materials he wished the court to consider. See Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004); Henderson v. United States, 264 F.3d 709, 710 (7th Cir. 2001). But in light of the pending appeal and in the interest of conserving judicial resources, the court DISMISSES the motion to vacate sentence [Doc. No. 38] as untimely.

SO ORDERED.

ENTERED:  December 11, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court